UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| CHRISTOPHER MICHAEL LITWINOWICZ, | : | CASE NO. 1:14-CV-1608 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
| CITY OF EUCLID, *et al.*, | : |  |
| Defendants. | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Christopher Michael Litwinowicz has filed this action against the City of Euclid, the City's mayor (William R. Cervenik), its law and finance directors (Louis Christopher Frey and Thomas K. Malone), the State of Ohio, and the Cuyahoga County and State of Ohio Board of Elections. The plaintiff seeks "two trillion dollars" in damages for voting rights violations under 42 U.S.C. §1983 for the refusal of City officials to file or transmit to the Cuyahoga County Board of Elections a 48 part initiative petition he submitted on February 15, 2013. The plaintiff has filed an application to proceed *in forma pauperis*. (Doc. No. 2.) The motion to proceed *in forma pauperis* is granted. For the reasons stated below, however, the plaintiff's complaint is dismissed upon initial screening pursuant to 28 U.S.C. §1915(e)(2)(B).

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss

an *in forma pauperis* action *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)).  The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim.  *Id*.  Further, in order to state a claim, a complaint must contain allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

### Analysis

The plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim on which relief may be granted.

The plaintiff's claims against the City and City officials are barred as a matter of law by the doctrine of *res judicata,* which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995)).  *Res judicata* will bar a second lawsuit if the following

elements exist:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Doe ex rel. Doe v. Jackson Local Schools Dist.,* 422 Fed. Appx. 497, 501 (6th Cir.2011);

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

All of these elements are present here. The plaintiff previously brought, and lost, a lawsuit against the City of Euclid in Ohio state court alleging that the City violated state and local law and the Constitution by failing to file or transmit his 48 part initiative petition to the Cuyahoga County Board of Elections. *See Litwinowicz v. City of Euclid*, Case No. CV-12-802979 (Cuyahoga County Court of Common Pleas).[1] The state court ruled on summary judgment that the City did not violate the law in rejecting the plaintiff's petition and that the plaintiff's constitutional claims were not supported by any evidence. The court held the City properly refused to submit the plaintiff's petition because it was improperly and untimely filed and did not contain a copy of the proposed ordinance as required by law. The state court's final prior judgment on the merits of the plaintiff's claims precludes this subsequent action by the plaintiff alleging the same claims the plaintiff raised or could have raised in his prior lawsuit. The final judgment of the Cuyahoga County Court of Common Pleas thus bars the plaintiff's present action under Section 1983 against the City and the City's mayor and law and finance directors. *See, e.g., Crawford v. Chabot*, 202 F.R.D. 223, 227 (W.D. Mich. 1998) ("a prior

---

[1] The plaintiff's subsequent appeal of the trial court's decision was *sua sponte* dismissed for the plaintiff's failure to file a timely appellate brief. *Litwinowicz v. Euclid*, CA-13-100644 (Ohio App. Eighth Dist.)

-3-

judgment involving the government will bar an action against individual officials of the government in their official capacity for the same claim."). Accordingly, the plaintiff's complaint against all of the City defendants must be dismissed for failure to state a claim. *See, e.g., Thompson v. U.S., Small Bus. Admin.*, 8 Fed. App'x 547, 549 (6th Cir. 2001) (affirming dismissal for failure to state a claim based on *res judicata*); *Murray v. Reed*, 69 Fed. App'x 246, 247 (6th Cir. 2003)(affirming dismissal of complaint on initial screening based on frivolousness and failure to state a claim under the principle of *res judicata*); *Link v. Sumner Cty. Jail*, 3:10–CV–0236, 2010 WL 1138029, at *2 (M.D.Tenn. Mar. 19, 2010) ("Because the plaintiff's claims are barred by the doctrine of *res judicata*, the Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted.").[2]

Although the plaintiff did not bring a prior lawsuit against the State of Ohio or the Ohio and Cuyahoga County Boards of Elections, his complaint fails to allege a claim on which relief may be granted against these defendants as well. It is well-established that liability cannot be imposed under §1983 solely on the basis of *respondeat superior*. *See Webster v. Lucas Cty. Bd. of Elections*, Case No. 3: 07 CV 3687, 2008 WL 2902132, at *2 (N.D. Ohio 2008), citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The plaintiff does not allege that the State of Ohio or the state and county election boards played any role in the City's decision not to transmit his petition. At the most, the plaintiff seeks to hold the State and the election boards

---

[2]In addition to the state court lawsuit discussed above, the plaintiff also filed and lost two "mandamus" actions in state and federal court seeking to compel the City to file or transmit his petition to the Cuyahoga County Board of Elections. *See Litwinowicz v. City of Euclid*, Case No. 101008 (Ohio Ct. App. Eighth Dist. July 1, 2014) (dismissing the plaintiff's complaint for writ of mandamus); *Litwinowicz v. City of Euclid*, Case No. Case No. 1:14 CV 552 (N.D. Ohio July 23, 2014) (Nugent, J.) (same). These actions also bar the plaintiff's action against the City and City officials.

-4-

liable under Section 1983 solely on the basis of *respondeat superior*; therefore, his action against them fails to state a claim.

Further, the plaintiff fails to state a claim under §1983 against any defendant because he has not alleged a cognizable constitutional claim.³ The federal courts have made clear that although the right to vote is fundamental, "[p]rinciples of federalism limit the power of federal courts to intervene in state elections." *Noble v. Husted*, No. 1: 13 CV 00666, 2013 WL 5819664, at *6 (S.D. Ohio Oct. 29, 2013), quoting *Burton v. State of Ga.*, 953 F.2d 1266, 1268 (11th Cir. 1992). Federal intervention in local, "garden variety election disputes is inappropriate." *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 469 (2d Cir. 2006) (Sotomayor, J.) "Only in extraordinary circumstances will a challenge to a state [or local] election rise to the level of a constitutional deprivation." *Curry v. Baker*, 802 F.2d 1302, 1314 (11th Cir. 1986). *See also Siegel v. LePore*, 234 F.3d 1163, 1181 (11th Cir. 2000) (redress of alleged constitutional injuries is appropriate if "the election process itself reaches the point of patent and fundamental unfairness").

The plaintiff does not allege "extraordinary circumstances" that rise to the level of a federal constitutional deprivation. Rather, he alleges a "garden variety" election dispute in which this Court may not intervene. Indeed, a state court fully heard and considered the plaintiff's challenge to the City's treatment of his initiative petition and determined that the City did not violate state or local law. The plaintiff's conclusory allegations regarding voting rights in this case do not rise to level of a federal constitutional claim.

---

³To state a claim under §1983, a plaintiff must allege (1) a deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. A'ppx 500, 503 (6th Cir.2011).

**Conclusion**

For all of the reasons stated above, this Section 1983 action is summarily dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: March 6, 2015	*s/	James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE